**Eroneous SHIPP et al., Plaintiffs-Appellants,**

v.

**MEMPHIS AREA OFFICE, TENNESSEE DEPARTMENT OF EMPLOYMENT SECURITY, et al., Defendants-Appellees.***

**No. 76–1515.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 8, 1978.

Decided Aug. 7, 1978.

---

1. It is appropriate to dispose of this case summarily. See *Groendyke Transportation, Inc. v. Davis*, 5 Cir., 1969, 406 F.2d 1158.

* *Editor's Note:* The opinion of the United States Court of Appeals, Fifth Circuit, in *United States v. Fogelman*, published in the advance sheets at this citation (581 F.2d 1167), was withdrawn from this volume and will be republished.

Elijah Noel, Jr., Ratner, Sugarmon, Lucas & Salky, Memphis, Tenn., Jack Greenberg, Morris J. Baller, Eric Schnapper, New York City, William E. Caldwell, Washington, D. C., for plaintiffs-appellants.

Brooks McLemore, Atty. Gen. of Tenn., Sam J. McAllester, Jr., Chief Counsel, Dept. of Employment Sec., W. Henry Haile, Haile & Martin, P. A., Nashville, Tenn., for defendants-appellees.

Before WEICK, CELEBREZZE and KEITH, Circuit Judges.

KEITH, Circuit Judge.

Eroneous Shipp, a Black man, appeals from a judgment of the district court denying both individual and class claims against the Memphis Area Office of the Tennessee Department of Employment Security (TDES), the Tennessee Department of Personnel, and Jane Hardaway, its former Commissioner. Plaintiff commenced this action on September 16, 1971, on behalf of himself and all other similarly situated Black persons, alleging that TDES engaged in racial discrimination in its job referral services and that the Department of Personnel engaged in racial discrimination in its internal employment practices, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., 42 U.S.C. §§ 1981–1985, and the Thirteenth and Fourteenth Amendments to the United States Constitution.[1] We affirm in part and reverse in part.

On Friday, March 7, 1969, after hearing a TDES initiated radio advertisement soliciting applicants for a job as a traffic analyst, plaintiff telephoned the TDES office concerning the job. He was informed by a TDES interviewer that he was probably unqualified. Nevertheless, plaintiff obtained an application and went to the TDES office on Monday, March 10, 1969, seeking to be referred to the advertised job. He spoke this time with a TDES supervisor who refused to refer him because she believed the job required recent traffic rate experience and that plaintiff was unqualified. TDES had previously referred two white applicants to the job. The supervisor, however, called the employer, RCA, and was informed that the job already had been filled. Plaintiff believed he had been subjected to racial discrimination because he had informed the TDES interviewer that he had heard the job advertisement on a predominantly Black radio station and had attended a well-known predominantly Black college. Plaintiff filed charges against TDES with the EEOC and subsequently received a right-to-sue letter. The district court dismissed plaintiff's individual claim on the ground that plaintiff failed to prove that TDES had discriminated against him. The court found that TDES believed plaintiff was unqualified for the job and that the job was filled at the time of plaintiff's application. The district court also dismissed the class claims. On appeal plaintiff alleges that the district court erred in dismissing plaintiff's individual claim and class claims against TDES and the Department of Personnel.[2]

This case came to trial following many years of discovery, during which a tremendous amount of statistical and other evidence was elicited. Over a three-day period, March 20–22, 1974, the district court heard all of the proofs on plaintiff's individual claim and plaintiff's proofs with respect to the class action aspect of the case. At the conclusion of this hearing, defendants moved for a directed verdict on the class claims. On June 13, 1974, the court entered an order stating that it would consider entering judgment on the individual claim

1. Title VII jurisdiction over TDES was properly invoked pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e(c). TDES is a federally funded employment service.

2. Counsel for plaintiff did not appear for oral argument.

without prejudice to the rights of the class involved, and that it would take under advisement defendants' directed verdict motion without prejudice to defendants' rights under the motion to go forward with their proofs on the class action aspect of the case.

On December 20, 1974, the district court entered a five page order dismissing plaintiff's individual claim. Although the court noted that evidence was presented indicating segregation by race in TDES' referral services prior to 1964 and a preponderance of whites in managerial and interviewer positions, the court concluded that "Shipp himself has failed to demonstrate racial prejudice or discrimination against him in connection with his job application and his transactions" with TDES in 1969 and that Shipp "has failed to prove the charges made by him against any of the defendants."[3]

Trial on the merits of the class claims was continued with presentation of defendants' proofs on April 23, 1975. Plaintiff subsequently moved the court to reconsider its December 20, 1974, order dismissing the individual claim. On September 25, 1975, the district court entered a memorandum opinion dismissing the class claims on the merits and reiterating its prior judgment on the individual claim. At no time did the district court define or certify the action as a class action.[4] Rule 23, Fed.R.Civ.Pro.

---

**3.** The district court further noted as pertinent the fact that plaintiff failed to prove any damage from TDES' failure to refer him to the RCA job. RCA's Memphis Operation closed approximately six months after the TDES incident and most employees lost their jobs, including the person hired by RCA from a private employment service prior to Shipp's application for the job.

**4.** Rule 23 of the Federal Rules of Civil Procedure provides:

(a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

(c) **Determination by Order Whether Class Action to be Maintained; Notice; Judgment; Actions Conducted Partially as Class Actions.**

(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

(2) In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

Plaintiff never motioned the court for class certification, nor did the district court certify the class *sua sponte*. *Baxter v. Palmigiano*, 425 U.S. 308, 310 n. 1, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976); *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976).

Pursuant to Rule 23(c)(1) a district judge is required to determine by order "[a]s soon as practicable after the commencement of an action" whether an action commenced as a class action is to be so maintained.[5] This Circuit has held that a district judge has an obligation *sua sponte* to determine whether an action shall proceed as a class action. *Senter v. General Motors Corp., supra*;

> (3) The judgment in an action maintained as a class action under subdivision (b)(1) or (b)(2), whether or not favorable to the class, shall include and describe those whom the court finds to be members of the class. The judgment in an action maintained as a class action under subdivision (b)(3), whether or not favorable to the class, shall include and specify or describe those to whom the notice provided in subdivision (c)(2) was directed, and who have not requested exclusion, and whom the court finds to be members of the class.
>
> (4) When appropriate (A) an action may be brought or maintained as a class action with respect to particular issues, or (B) a class may be divided into subclasses and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly.
>
> **(d) Orders in Conduct of Actions.** In the conduct of actions to which this rule applies, the court may make appropriate orders: (1) determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument; (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; (3) imposing conditions on the representative parties or on intervenors; (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly; (5) dealing with similar procedural matters. The orders may be combined with an order under Rule 16,

*Garrett v. City of Hamtramck*, 503 F.2d 1236 (6th Cir. 1974). In this case the district court never certified the class nor made any determination that the prerequisites for a class action were met, specifically, that plaintiff's claims were typical of the claims of the class or that plaintiff would fairly and adequately protect the interests of the class pursuant to Rule 23(a). Nor did the district court make any determination that the action was properly maintainable as a class action pursuant to Rule 23(b).[6]

In *East Texas Motor Freight Systems, Inc. v. Rodriguez*,[7] 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), the Supreme

> and may be altered or amended as may be desirable from time to time.
>
> **(e) Dismissal or Compromise.** A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.
>
> As amended Feb. 28, 1966, eff. July 1, 1966.

5. The "as soon as practicable after the commencement of an action" language of Rule 23(c)(1) is mandatory. The district court has a duty to certify the class action whether requested to do so or not. *Senter v. General Motors Corp.*, 532 F.2d at 520; *Garrett v. City of Hamtramck*, 503 F.2d 1236 (6th Cir. 1974).

6. There was and continues to be considerable disagreement among the parties as to whether this action was properly maintainable as a class action. The class action issues were not included in the pretrial order. However, it is indisputable that the case went to trial on the class action issues, both sides presenting proofs on this issue.

7. In *McBride v. Delta Air Lines, Inc.*, 551 F.2d 113 (6th Cir. 1977) (Weick, J., dissenting), this Court remanded the case back to the district court for a determination of the appropriate scope of the class in light of *Tipler v. DuPont*, 443 F.2d 125 (6th Cir. 1971), for findings of fact and conclusions of law on the charge that Delta had violated Title VII, and for appropriate class remedies if a violation were found. Our decision in *McBride*, however, was vacated and remanded by the Supreme Court for further consideration in light of *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). On remand our Court affirmed the district court. *McBride v. Delta Air Lines, Inc.*, 571 F.2d 581 (6th Cir. 1978) (Edwards, J., concurring).

Court reiterated its prior rulings that the procedural requirements of Rule 23 must be adhered to with diligence.

We are not unaware that suits alleging racial or ethnic discrimination are often by their very nature class suits, involving classwide wrongs. Common questions of law or fact are typically present. *But careful attention to the requirements of Fed.Rule Civ.Proc. 23 remains nonetheless indispensable. The mere fact that a complaint alleges racial or ethnic discrimination does not in itself ensure that the party who has brought the lawsuit will be an adequate representative of those who may have been the real victims of that discrimination.* (emphasis added) *Id.* at 405–06, 97 S.Ct. at 1898; see also *Board of Commissioners v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

The need for certification is clear. When a district court certifies a class, the class of unnamed members acquires a legal status separate from the interests of the individual plaintiff.[8] *Sosna v. Iowa, supra* at 399, 95 S.Ct. 553. Moreover, certification has important consequences for unnamed members of the putative class. Where a suit such as this one proceeds to decision on the merits, the district court's judgment will bind all persons allegedly members of the class. *Sosna v. Iowa, supra* at 399 n. 8, 95 S.Ct. 553.

Additionally, certification indicates whether the action is maintainable as a Rule 23(b)(1), 23(b)(2), or 23(b)(3) class, and what type of notice to class members, if any, is required pursuant to rule 23(c). In this Court's opinion in *Senter v. General Motors Corp., supra,* Judge Celebrezze noted the following procedure to be followed in this Circuit in class action cases:

> The proper procedure, of course, would have been for Appellant's attorney to indicate in the complaint that the suit was brought as a class action under Rule 23 *and to identify the relevant subheading of the rule.* Also, the District Court should have ruled on the maintainability of the class action "as soon as practicable" after commencement of the action. (emphasis added)

*Id.* at 522.

The district court here found, after three days of testimony and examination of numerous exhibits, and after presentation of the evidence as to the TDES employees' belief that plaintiff was unqualified for the job and that the job already had been filled, that plaintiff had not been discriminated against. These findings are not clearly erroneous. Plaintiff did not suffer injury as a result of the alleged discriminatory practices and thus is not eligible to represent a class of persons who allegedly did suffer injury; that is, those Black persons who were, are, or will be discriminated against because of TDES' referral practices.[9] *East*

---

**8.** In *Board of Commissioners v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975), the Supreme Court further noted that where plaintiff students, who sued for violations of their First and Fourteenth Amendment rights to publish and distribute a school newspaper, had graduated and no longer had an interest to protect, the case was moot unless it had been duly certified pursuant to Rule 23. *Id.* at 129, 95 S.Ct. 848.

> The need for definition of the class purported to be represented by the named plaintiffs is especially important in cases like this one where the litigation is likely to become moot as to the initially named plaintiffs prior to the exhaustion of appellate review.

*Id.* at 130, 95 S.Ct. at 850.

**9.** Plaintiffs in *Rodriguez* had failed to move for certification of their class action allegations in

the district court. The district court, noting this failure, dismissed the class action and additionally found against the individual plaintiffs. On appeal the Court of Appeals for the Fifth Circuit "discounted entirely plaintiffs' failure to move for certification" and certified the class on its own motion. *East Texas Motor Freight System, Inc. v. Rodriguez, supra* at 401, 97 S.Ct. 1891. The Supreme Court found that the Court of Appeals plainly erred in declaring a class action "for the simple reason that it was evident by the time the case reached that court that the named plaintiffs were not proper class representatives under Fed.R.Civ.Pro. 23(a)." *Id.* at 403, 97 S.Ct. at 1896.

> Even assuming, as a number of courts have held, that a district judge has an obligation on his own motion to determine whether an action shall proceed as a class action, see, e. g., *Senter v. General Motors Corp.,* 532 F.2d

*Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. at 403–04, 97 S.Ct. 1891.*

■ Plaintiff's individual claim was dismissed and no certification whatsoever took place. Nonetheless, the district court proceeded to decide the merits of the class claims in the absence of a class representative, much less one who would fairly and adequately protect the interests of the class of persons allegedly discriminated against by TDES' referral services,[10] or the class of persons allegedly injured by the internal hiring and promotion practices of the Department of Personnel. *Rogers v. Paul,* 382 U.S. 198, 86 S.Ct. 358, 15 L.Ed.2d 265 (1965). Furthermore, it is abundantly clear that plaintiff never was an employee of TDES and in fact never had applied for a job at TDES. We, therefore, fail to see how it can be said that plaintiff's claims are typical of the class of TDES employees who were, are, or will be discriminated against because of the internal hiring and promotion practices of the Department of Personnel. Rule 23(a)(3).

■ *Senter v. General Motors Corp., supra,* and *Alexander v. Aero Lodge No. 735, International Association of Machinists and Aerospace Workers, AFL–CIO,* 565 F.2d 1364 (6th Cir. 1977), *cert. denied,* —— U.S. ——, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978), are not dispositive of this case. In both *Senter* and *Alexander* the named plaintiffs were found to be proper class representatives with claims typical of the class. *Senter v. General Motors Corp.,* 532 F.2d at 525; *Alexander v. Aero Lodge No. 735,* 565 F.2d at 1373. In the instant case, however,

511, 520–521 (CA6); *Garrett v. City of Hamtramck,* 503 F.2d 1236, 1243 (CA6); *Castro v. Beecher,* 459 F.2d 725, 731 (CA1), the named plaintiffs' failure to protect the interests of class members by moving for certification surely bears strongly on the adequacy of the representation that those class members might expect to receive. (citations omitted) *Id.* at 405, 97 S.Ct. at 1897.

See generally *Developments in the Law— Class Actions,* 89 Harv.L.Rev. 1319 (1976); Note, *Rizzo v. Goode: The Burger Court's Continuing Assault on Federal Jurisdiction,* 30 Rutgers L.Rev. 103 (1976).

**10.** In *Rodriguez* the Supreme Court noted that [w]here no class has been certified, however,

the district court ruled against Shipp's individual claim and this action left the purported class without a proper class representative. Where, as here, it is clear that the named plaintiff is not a proper class representative under Rule 23(a), certification is improper. *East Texas Motor Freight System, Inc. v. Rodriquez,* 431 U.S. at 403, 97 S.Ct. 1891.

■ This is not a case where a class was appropriately certified and it later developed that the named plaintiff was an inappropriate class representative. In that case, the class claims would not be mooted or destroyed. Here, the district court failed to certify the class even after trial on the merits of the individual and class claims. As the Supreme Court said in *Board of Commissioners v. Jacobs, supra,* 420 U.S. at 130, 95 S.Ct. at 850:

> Because the class action was never properly certified nor the class properly identified by the District Court, the judgment of the Court of Appeals is vacated and the case is remanded to that court with instructions to order the District Court to vacate its judgment and to dismiss the complaint.

This complaint must be dismissed as to the purported class of persons allegedly discriminated against by TDES' referral policies, the purported class of persons allegedly injured by the Department of Personnel's internal employment practices, and the purported class of TDES employees allegedly discriminated against by the Department's internal employment practices because the named plaintiff is not an appropriate class

and the class claims remain to be tried, the decision whether the named plaintiffs should represent a class is appropriately made on the full record, including the facts developed at the trial of the plaintiffs' individual claims. *East Texas Motor Freight System, Inc. v. Rodriguez, supra* at 406 n. 12, 97 S.Ct. at 1898.

Even assuming that the district court erred in dismissing plaintiff's individual claim before completion of trial on the merits of the class claims, the individual claim was reconsidered upon plaintiff's motion and disposed of by the district court's opinion dismissing the class claims.

representative within the meaning of Rule 23(a), his individual claim having been dismissed from this action prior to any certification. Because of our disposition of the case, we do not reach the merits of the class claims or the other issues raised by this appeal.

The district court's dismissal of plaintiff's individual claim is affirmed. The judgment of the district court with respect to the class claims is reversed and the case remanded with instructions to the district court to vacate its judgment and to dismiss the complaint for failure to comply with Rule 23.

Costs are assessed against the appellant Eroneous Shipp.