Alberta MIXON, Plaintiff,

v.

**GRAY DRUG STORES, INC., et al., Defendants.**

No. C77–23.

United States District Court,
N. D. Ohio, E. D.

Sept. 12, 1978.

Darryl E. Pittman, Cleveland, Ohio, for plaintiff.

Stuart O. H. Merz, Jones, Day, Reavis & Pogue, Cleveland, Ohio, McNeal, Schick & Archibald, Harley J. McNeal, Cleveland, Ohio, for Gray Drug.

Douglas J. Paul, Chattman, Moss, Chattman, Garfield & Friedlander, Cleveland, Ohio, for Teamsters Local 507.

## ORDER

MANOS, District Judge.

In this case, the plaintiff, Alberta Mixon, filed a complaint alleging violations of 42 U.S.C. §§ 1981 and 2000e *et seq.*, as well as 29 U.S.C. § 159. She sought to bring the suit as a class action against her former employer and the union. Mrs. Mixon was the only named plaintiff.

On June 17, 1978, Alberta Mixon died. On July 6, 1978, the defendants filed a motion to deny certification of the class which Mrs. Mixon had claimed to represent on the ground that there was no adequate representative of the class. The court grants the defendants' motion; because of Mrs. Mixon's death, she cannot represent others similarly situated and the court can find no adequate substitute for her as named plaintiff.

In considering the certification of a class, the court must assess whether the representative party will fairly and adequately protect the interests of the class. Fed.R. Civ.P. 23(a)(4). Inherent in the requirement of adequate representation is the necessity that there must be a representative named party. Because Mrs. Mixon died before the court could assess whether she would adequately represent and protect the interests of a class, it would be inappropriate for the court to allow this case to proceed as a class action without a named plaintiff.

Further, Mrs. Mixon's estate is not an adequate representative of the class of "all blacks who are employed or who might have been employed by defendant Gray Drug, Inc., or who are represented or who might have been represented by Teamsters Local 507 and who have been, or continue to be adversely affected by the policies and practices herein complained of." A significant part of the relief prayed for in the complaint on behalf of the class is injunctive. Mrs. Mixon's estate has no direct interest in obtaining injunctive relief from the alleged discriminatory practices on behalf of the purported class and the estate has no direct interest in remedying any unlawful practice or policy engaged in by the defendants. The estate's interest is in recovering damages for the discrimination alleged to have been suffered by Mrs. Mixon. Because Mrs. Mixon's estate has no direct interest in the correction of the alleged unlawful practices, it cannot be an adequate representative of the class described in the complaint. See *Collier v. Hunt-Wesson Foods,* 13 F.E.P. Cas. 88 (S.D. Ga.1976).

On January 25, 1978, Carl E. Hamilton and Willie J. Banks filed a "Notice of Appearance of Members and In the Alternative Motion for Leave to Intervene." These persons may not be substituted for Alberta Mixon as representatives of the class Mrs. Mixon might have represented.

Mr. Hamilton and Mr. Banks were applicants for employment who claim they were denied employment at the Gray Drug Store warehouse because of their race. Since Mrs. Mixon was hired by Gray Drug Stores, she did not suffer any discrimination in hiring practices by Gray Drug Stores. Therefore, Mrs. Mixon had no standing to challenge the Company's hiring practices or to represent job applicants in a class action. *Parker v. Kroger Co.,* 14

F.E.P. Cas. 75 (N.D.Ga.1976); *Freeman v. Motor Convoy, Inc.,* 409 F.Supp. 1100 (N.D. Ga.1976); *Chambers v. Franchise Realty Interstate Corp.,* 12 F.E.P. Cas. 1817 (N.D. Ohio 1976). Similarly, the rejected applicants, Mr. Hamilton and Mr. Banks, do not have standing to represent employees.

■ A class representative must be part of the class and "possess the same interest and suffer the same injury" as the proposed class members. *East Texas Motor Freight System Inc. v. Rodriguez,* 431 U.S. 395, 403–04, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977); *Schlesinger v. Reservists Committee To Stop the War,* 418 U.S. 208, 216, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). Thus a plaintiff seeking to represent a class in a discrimination case must be able to show that he or she has been or will be personally affected by the discrimination as to which he or she seeks to complain on behalf of a class. *Jacobs v. Martin Sweets Co.,* 550 F.2d 364 (6th Cir.), *cert. denied,* 431 U.S. 917, 97 S.Ct. 2180, 52 L.Ed.2d 227 (1977). The court may not certify a class when the named plaintiff is not a member of the class and cannot adequately represent the class. *Shipp v. Memphis Area Office, Tennessee Department of Employment Security,* 581 F.2d 1167 (6th Cir. 1978); *Blankenship v. Wometco Blue Circle, Inc.,* 59 F.R.D. 308, 309 (E.D.Tenn.1972). Therefore, it would be improper for the court to certify a class that includes rejected applicants when the named plaintiff is an employee who has never suffered hiring discrimination; and it would be likewise improper to substitute rejected applicants as representatives of a class of employees. See *Dickerson v. United States Steel Corp.,* 14 F.E.P. Cas. 1450

(E.D.Pa.1976). Accordingly, any class Mrs. Mixon might have represented before her death would not have included rejected applicants Banks and Hamilton and they cannot now be substituted as named plaintiffs to carry this case forward as a class action.

■ The plaintiff's attorney points out that Mrs. Mixon filed a broad attack on the discriminatory practices of the company when she filed her charge with the Equal Employment Opportunity Commission. Included in her charge was the statement:

"I believe the company has discriminated against me and discriminates against blacks as a class in terms and conditions of employment and hiring."

In a Title VII employment discrimination case, the district court should not restrict the boundaries of a class more narrowly than the scope of the EEOC investigation that the individual's EEOC charge might reasonably have been expected to stimulate. *Tipler v. E. I. duPont deNemours and Co.,* 443 F.2d 125 (6th Cir. 1971).[1] However, regardless of the scope of an administrative investigation, this court is constitutionally bound by the doctrine of standing. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). This court's constitutional powers cannot be expanded because Mrs. Mixon filed a broad charge with the administrative authority. Consequently, even though her administrative charge was comprehensive, she is limited in this court to raising only those issues which she has standing to assert. Since she did not suffer hiring discrimination, she cannot complain of hiring discrimination on behalf of herself or others[2]. As a result,

**1.** The plaintiff's attorney cites *McBride v. Delta Air Lines, Inc.,* 551 F.2d 113 (6th Cir. 1977). *McBride* was vacated and remanded by the Supreme Court, *Delta Air Lines, Inc. v. McBride,* 434 U.S. 916, 98 S.Ct. 387, 54 L.Ed.2d 273 (1977), for further consideration in light of *East Texas Motor Freight Systems, Inc. v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). Thereafter the Sixth Circuit affirmed the district court which had dismissed the class claims. *McBride v. Delta Air Lines, Inc.,* 571 F.2d 581, Order. *See Shipp v. Mem-*

*phis Office, TDES,* 581 F.2d 1167, 1170 n. 7 (6th Cir. 1978).

**2.** In *Joseph v. Republic Steel Corp.,* (Case No. C74–925 filed April 16, 1975) (N.D.Ohio), Judge Krupansky stated:

Since plaintiff had been hired by defendant, she cannot raise a claim in her own right with respect to defendant's hiring practices since she has not been injured "in fact." *See, O'Shea v. Littleton,* 414 U.S. 488 (1974). The question of standing and the issue of class representation are separate and distinct. Standing is an essential threshold

Mrs. Mixon could not have obtained standing to represent rejected applicants and the rejected applicants cannot be substituted as named plaintiff even though Mrs. Mixon included discriminatory hiring as an allegation against the Company in her EEOC charge.

Because of the death of Alberta Mixon, the class which she claimed to represent is left without any representative who could adequately represent the interests of the class. Thus, the defendants' motion to deny certification of a class is granted.

IT IS SO ORDERED.

[*sic*] which must be crossed before any determination as to class representation can be made. *See, Weiner v. Bank of Prussia,* 358 F.Supp. 684 (E.D.Pa.1973). Plaintiff's lack of standing to sue in her own right with respect to defendant's hiring practices is fatal to her attempt to raise those issues on behalf of the class she seeks to represent. *Gray v. Greyhound Lines-East,* 8 CCH E.P.D. ¶ 9814 (D.D. C.1974).