Wail AHMED, et al.,
Plaintiffs-Appellants,

v.

UNIVERSITY OF TOLEDO, et al.,
Defendants-Appellees.

No. 86–3687.

United States Court of Appeals,
Sixth Circuit.

Argued April 23, 1987.

Decided June 30, 1987.

Thomas J. Zraik (argued) Toledo, Ohio, for plaintiffs-appellants.

Theodore M. Rowen, Spengler, Nathanson, Heyman, McCarthy & Durfee, Toledo, Ohio, Joan C. Szuberla (argued), for defendants-appellees.

Before MERRITT, WELLFORD and NELSON, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

This is a civil rights case filed as a class action by four foreign students at the University of Toledo. The plaintiffs claimed that the University had violated the Constitution by requiring foreign students to carry health insurance. The district court decided the case in favor of the University, and the plaintiffs appealed. The defendants have moved to·dismiss the appeal as moot, none of the individual plaintiffs being any longer enrolled as a university student. Finding the motion well taken, we shall dismiss the appeal.

\*     \*     \*

At the time the suit was filed one of the plaintiffs was a freshman at the University, two were juniors, and one was a senior. All were non-resident aliens admitted to this country under student visas. None carried health insurance; two of the plaintiffs are adherents of a religious sect that is said to prohibit the purchase of insurance, and it is alleged that many members of the putative class could not afford to purchase the required coverage.

Although the University adopted a resolution in 1972 requiring all foreign students to carry "health insurance equal to the Blue Cross-Blue Shield plan offered University students or a comparable health insurance policy," that resolution was not enforced with any vigor until the spring of 1986. The lack of enforcement came to light after several uninsured foreign students were injured in an auto accident in Canada. The University then notified foreign students that proof of health insurance coverage would be required for continued enrollment.

The Plaintiffs responded by filing a lawsuit in which they alleged that the University had denied them and their proposed class equal protection of the law by singling out foreign students in this way. They also pleaded a violation of the Due Process Clause, the Supremacy Clause, and the First Amendment of the Constitution. The complaint sought class certification under Rule 23, Fed.R.Civ.P., and requested declaratory and injunctive relief.

After a request for a temporary restraining order had been denied, the parties agreed to a consolidation of the trial on the

merits with a hearing on an application for a preliminary injunction. Upon conclusion of the presentation of the plaintiffs' case in the consolidated hearing, the district court, finding no constitutional violation, granted a motion for judgment in favor of the defendants. Extensive findings of fact and conclusions of law were filed thereafter. At no point during the proceedings did plaintiffs formally move for class certification, and the district court never certified a class.

Shortly before we heard oral argument on the plaintiffs' appeal from the judgment against them, the University moved for a dismissal on the ground that the cause had become moot. An affidavit accompanying the motion established that none of the four named plaintiffs is currently a student at the university; one has been graduated, two failed to reenroll after the 1986 summer quarter, and the other failed to reenroll after the following quarter.

\* \* \*

Article III of the Constitution permits the federal courts to hear only actual cases or controversies. This "case or controversy" requirement must be satisfied "at all stages of review, and not simply on the date the action is initiated." *Rettig v. Kent City School District,* 788 F.2d 328, 330 (6th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 3297, 92 L.Ed.2d 711 (1986). Where there is no "real, substantial controversy between parties having adverse legal interests," there is no case or controversy in the constitutional sense. *Martin v. Attorney General of the United States,* 771 F.2d 102, 105 (6th Cir.1985). It is fundamental that we may not decide moot issues. *United States v. City of Detroit,* 720 F.2d 443, 448 (6th Cir.1983).

Plaintiffs try to breathe life back into their lawsuit by arguing that because the case was filed as a class action and was treated as such by the district court and the parties, the Article III requirement must be interpreted as it is in the class action setting. A class action may sometimes remain justiciable notwithstanding that the claims of the named plaintiffs have become moot, if the class has "acquired a

legal status separate from the interest asserted" by the named plaintiffs. *Sosna v. Iowa,* 419 U.S. 393, 399, 402, 95 S.Ct. 553, 558, 42 L.Ed.2d 532 (1975).

The plaintiffs' efforts at resuscitation cannot succeed here because the purported class was never certified under Rule 23. See *Board of School Commissioners of the City of Indianapolis v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975), where six high school students filed a class action alleging that certain school board regulations interfered with the students' First and Fourteenth Amendment rights. Because all of the named plaintiffs had been graduated from high school by the time of oral argument before the Supreme Court, the controversy had become moot as to them. This meant that the case as a whole was moot, the Court indicated, the case never having been duly certified as a class action. Even though the trial court had entered an order declaring that the plaintiffs were proper class representatives, there was no order determining that the suit could proceed as a class action, and the order that had been entered failed to describe the class, as required by Rule 23(c)(3). Accordingly, the Supreme Court held, "there was inadequate compliance with the requirements of Rule 23(c)," and the case was not justiciable. *Id.* at 129, 95 S.Ct. at 849.

In the case at bar the district court's written opinion states that "[n]o class has been certified since any injunctive relief the Court might have granted would have inured to the benefit of any putative class." This obviously fails to satisfy the Rule 23(c)(3) requirement that there be a description of "those whom the court finds to be members of the class," and under *Jacobs* that failure is fatal to justiciability.

Neither *Senter v. General Motors Corp.,* 532 F.2d 511 (6th Cir.), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976), nor *Shipp v. Memphis Area Office, Tennessee Department of Employment Security,* 581 F.2d 1167 (6th Cir.1978), *cert. denied,* 440 U.S. 980, 99 S.Ct. 1788, 60 L.Ed.2d 240 (1979), to which our attention was drawn at oral argument, supports the

contention of the plaintiffs that a justiciable controversy survived their departure from the University. *Senter* presented no issue of justiciability under Article III; the named plaintiff in that case was found to have standing to pursue the action on behalf of the class, and the individual claim had not been rendered moot by subsequent events. 532 F.2d at 516–20. *Shipp* simply held, following *East Texas Motor Freight Systems, Inc. v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), that where a prospective plaintiff class representative was found to have no meritorious claim himself, and no class had ever been certified, dismissal of the individual claim eliminated any basis for adjudicating the class claims. This hardly helps the plaintiffs here.

Nor can the plaintiffs find any help in the "capable of repetition, yet evading review" doctrine. *Cf. Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). Resort to that doctrine is

> "limited to the situation where two elements combine ... (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *United States v. City of Detroit,* 720 F.2d 443, 449 (6th Cir.1983) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975)).

Here the University's uncontested affidavit shows that a significant percentage of the foreign students subject to the University's health insurance policy "remain enrolled until they have completed their degrees, a process that normally takes four to five years." This lawsuit reached our doorstep within a few months after it was filed. There is no reason to suppose that none of the foreign students currently subject to the University's health insurance policy would be able fully to litigate the constitutionality of the policy while remaining *in stat. pup.* None of the four individual plaintiffs, moreover, has shown a "reasonable expectation" that he will ever be subject to the University's health insurance policy in the future.

DISMISSED.