872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Robert W. BRADFORD, Defendant-Appellant.
 No. 88-5356.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1989.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert W. Bradford, a pro se federal prisoner incarcerated at the Federal Correctional Institute in Memphis, appeals the denial of his motion for furlough. As a candidate for the office of President of the United States, Bradford indicated that he wanted to attend a seminar at the University of Tennessee "unescorted." The district court summarily denied Bradford's motion.
 
 
 3
 Upon consideration, we conclude that Bradford's motion was properly denied. First, the authority to grant furlough to federal prisoners rests solely with the Attorney General. See 18 U.S.C.A. Sec. 4082(c) (West 1985) (applicable to offenses committed before Nov. 1, 1987) (current version at 18 U.S.C.A. Sec. 3622) (West 1985); Pugliese v. Nelson, 617 F.2d 916, 923-24 (2d Cir.1980). No protected liberty interest in obtaining furlough exists. See Pugliese, 617 F.2d at 923-24 n. 6 (citing Smith v. Saxbe, 562 F.2d 729, 734 (D.C.Cir.1977). Simply put, the district court has no authority to order that defendant be furloughed. Furthermore, this case is moot insofar as defendant seeks to attend the seminar which was held in April, 1988. See Ahmed v. University of Toledo, 822 F.2d 26 (6th Cir.1987).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.