696 F.2d 783
 Vicki Ann HUMANN, Plaintiff-Appellant,
v.
Alex WILSON, Chief of Community Corrections Division of the
Colorado State Department of Corrections, Gordon Heggie,
Daniel Grove, Richard Sutton, Carolyn Greenfield, and John
Zapien, individually and as members of the Colorado State
Parole Board, Defendants-Appellees.
 No. 81-2353.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 5, 1983.
 
 Marshall A. Fogel of Fogel, Keating & Wagner, P.C., Denver, Colo. (Paul A. Baca, Denver, Colo., with him on the brief), for plaintiff-appellant.
 David R. Brougham of Hall & Evans, Denver, Colo., for defendants-appellees.
 Before SETH, Chief Judge, McWILLIAMS, Circuit Judge, and BROWN, District Judge.*
 PER CURIAM.
 
 
 1
 Vicki Ann Humann, the plaintiff-appellant in this case, was the victim of a rape. Her assailant was Bernie Ray Clark, an inmate at a Denver Community Corrections facility known as the Williams Street Center. This Center allows a good deal of freedom and interaction in the community. Mr. Clark had been placed there, following some time in jail, by defendant-appellee Alex Wilson, Chief of Community Corrections for the Colorado State Department of Corrections. The placement was recommended by members of the Colorado State Parole Board, also defendants-appellees. The rape was committed within two months of Mr. Clark's taking up residence at the Center.
 
 
 2
 Miss Humann brought an action in district court under 42 U.S.C. Sec. 1983 to recover compensatory damages for emotional and physical injuries sustained as a result of the rape. She claims that the defendants-appellees' conduct in allowing Mr. Clark the amount of freedom permitted in the Center was grossly negligent and the cause of her injuries. The district court dismissed Miss Humann's claims on two grounds. First, the court held, relying on Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481, that the crime was too remote from state action to constitute a valid civil rights claim. Second, the court found that parole officers enjoy absolute immunity. Because we agree with the first of these arguments we need not and do not express any opinion on the second.
 
 
 3
 Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481, is very similar to the present case. There, a parolee who had been released for five months murdered a fifteen-year-old girl. The victim's parents brought suit against the parole officers claiming negligent release of a dangerous criminal. The Supreme Court held that no civil rights violation had been made out as the death was "too remote a consequence of the parole officers' action to hold them responsible under the federal civil rights law." In the present case the actions of the parole board were also too remote from the crime to give rise to a civil rights action. Although the rape here occurred within a month or two of parole, whereas the crime in Martinez was five months after parole, this difference in time is not enough to distinguish the two cases.
 
 
 4
 The remoteness discussed in Martinez was not simply a matter of time. Other factors were mentioned. For example, the Court observed that a parolee is in no sense an agent of the state in choosing to commit a crime. Cf. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90. Also, the Court considered the fact that the plaintiffs' decedent did not stand in any special relationship to the parolee from which the parole officers might have inferred a special danger to her. See Rieser v. District of Columbia, 563 F.2d 462 (D.C.Cir.), modified on other grounds, 580 F.2d 647 (D.C.Cir. en banc ). Both of these conditions obtain in the present case, and contribute to the remoteness of the crime from any action by the state. Thus, on the facts before us there is no civil rights violation, and the dismissal of the Sec. 1983 claim was proper. As the Supreme Court said in Martinez: "We need not and do not decide that a parole officer could never be deemed 'to deprive' someone of life by action taken in connection with the release of a prisoner on parole." And again, we do not reach the immunity issue.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation