[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants have moved to strike the third count of the complaint on the grounds that the plaintiff has not alleged facts which would allow this court to find that a special relationship of custody or control existed between June Steiger and her son Eric which would impose upon her a duty to protect a third person from the conduct of her son.
By three-count substituted complaint dated February 7, 1990, plaintiff Angela Price, administratrix of the estate of William L. Price, filed suit against Eric K. Steiger and his mother June Steiger. The complaint alleges that on or about July 11, 1987, the defendant Eric Steiger shot and fatally wounded the plaintiff's decedent. Counts one, two, four, five and six name Eric K. Steiger as defendant. Count three names his mother June Steiger as defendant and is the subject of this motion to strike.
Count three alleges that Eric K. Steiger was the son of June Steiger and was living in her home at the time of the shooting. Plaintiff further alleges that: (1) at the relevant time, Eric was suffering from severe psychiatric, psychological, emotional, and/or mental deficiencies and as a CT Page 3707 result had dangerous propensities all of which were known or should have been known by June Steiger; (2) that June Steiger exercised control, or in the exercise of reasonable care should have exercised control over her son; and (3) on July 11, 1987, as a result of the carelessness and negligence of the defendant June Steiger, the defendant Eric Steiger shot the plaintiff's decedent with a weapon maintained at her residence.
It is alleged that the injuries and losses were caused by the carelessness and negligence of June Steiger in one or more of the following ways: (a) in that she allowed her son to collect and possess dangerous weapons at her residence when she knew or should have known of his dangerous propensities and his severe psychiatric, psychological, emotional, and/or mental deficiencies; (b) in that she condoned, assisted, and/or encouraged her son, Eric K. Steiger, to maintain said dangerous arsenal by failing to remove them from her home; (c) in that she maintained, possessed and/or stored weapons in her home and allowed her son access to them; (d) in that she allowed her son to load weapons and to otherwise prepare for the murder of William L. Price when she knew or should have known of the great danger and serious risk associated with her son's actions; (e) in that she allowed her son to leave her premises with loaded and dangerous weapons; (f) in that she failed to alert police officials that her son had left her premises with loaded and dangerous weapons in his possession when she knew or should have known that his mental condition and his dangerous propensities created a substantial likelihood that he would use those weapons to inflict serious injury upon another.
Defendant June Steiger moves to strike the third count which sounds in negligence by arguing that it fails to allege facts which would establish that the defendant owed any legal duty to Angela Price or her decedent.
Memoranda of law in support and in opposition to the motion to strike have been filed by the respective parties. The defendant has also filed a memorandum of law in reply to plaintiff's opposition to the motion to strike.
The motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989) (citations omitted). "[I]n ruling on a motion to strike, the court must construe the facts alleged in the complaint in a manner most favorable to the plaintiff." Rowe v. Godou,209 Conn. 273, 278 (1988). If facts provable under the allegations would support a cause of action, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545 (1979). CT Page 3708
It is the common law rule that "absent a special relationship of custody or control, there is no duty to protect a third person from the conduct of another. See 2 Restatement (Second) Torts 315 (1965); F. Harper, F. James O. Gray, The Law of Torts (2d Ed. 1986) 18.7; W. Prosser W. Keeton, Torts (5th Ed. 1984) 56." Kaminski v. Fairfield, 216 Conn. 29,33-34 (1990). In order for defendant June Steiger to prevail on this motion to strike the court must find, based upon the facts alleged in the substituted complaint, that no special relationship of custody or control existed between June Steiger and her son Eric K. Steiger at the time of the shooting.
Plaintiff asserts that a "special relationship" exists based upon the facts alleged in the third count of the substituted complaint — namely that (1) June Steiger was the mother of Eric K. Steiger; (2) that he was living in her home on the date in question; (3) that she knew or should have known that Eric was suffering from severe psychiatric, psychological, emotional, and/or mental deficiencies and, as a result, that he was violent and dangerous. Given these circumstances, plaintiff argues that June Steiger exercised control or ought to have exercised control over her son Eric. Furthermore, her failure to exercise control on the night the plaintiff's decedent was shot constituted negligence which caused the injuries and losses suffered by William L. Price.
No published case in Connecticut provides definitive guidelines by which this court may determine the existence of a "special relationship" under the facts pled here. Doe v. United Social and Mental Health Services, 670 F. Sup. 1121
(D.Conn. 1987) provides examples of situations where a "special relationship" has been found to exist:
 A "special relationship" exists where a plaintiff is in state custody, Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1979) (state may not act with indifference to the safety of prisoners); where a plaintiff is a tenant of a state housing agency, P.L.C. v. Housing Auth., 588 F. Sup. 961; or where a child is in the care of state social services. Doe v. New York City Dept. of Social Serv. (Doe II), 709 F.2d 782 (2d Cir.), cert, denied, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171
(1983). A "special relationship" has also been recognized where the state officials knew or should have known of a special danger posed to the plaintiff in relation to some one in their custody or control. See, CT Page 3709 e.g., Jones v. Phyfer, 761 F.2d 642, 645
(11th Cir. 1985); Humann v. Wilson, 696 F.2d 783, 784 (10th Cir. 1983); Beck, 580 F. Supp. at 534 ; Jensen v. Conrad, 570 F. Sup. 114, 131 (D.S.C. 1983), aff'd in relevant part, 747 F.2d 185 (1984), cert. denied, 470 U.S. 1052, 105 S.Ct. 1754, 84 L.Ed.2d 818 (1985).
Id. at 1126. See also, Kaminski v. Fairfield, 216 Conn. 29,34-35 (1990) (discussing circumstances under which 2 Restatements (Second) 319 (1965), Duty of Those in Charge of Person Having Dangerous Propensities, applies).
As noted in Kaminski, "the reported cases that have recognized a duty to control have generally done so in the context of professional custodians with special competence to control the behavior of those in their charge."216 Conn. at 35. Kaminski goes further by stating that it can find no case in which a parent, merely by making a home for an adult child with a mental illness has been held to be one who takes charge of a third person for the purpose of establishing a special relationship of custody or control. Id. at 35-36.
We conclude that plaintiff has failed in its third count to allege facts which would allow this court to find that a special relationship of custody or control existed between June Steiger and her son Eric which would impose upon her a duty to protect a third person from the conduct of her son. Accordingly, the third count of plaintiff's substituted complaint sounding in negligence as to June Steiger is stricken.
HENNESSEY, J.