**Renee GOLDSBY, Plaintiff,**

**v.**

**FORD MOTOR COMPANY, and Plant Protection Association, National Jointly and Severally, Defendants.**

No. 01–CV–72187–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 28, 2001.

---

James C. Barnes, Jr., Barnes, Monroe, Bloomfield Hills, MI, for plaintiff.

Diana S. Ortiz, Ford Motor Company, Dearborn, MI, for Ford Motor Company.

Frank A. Guido, Redford, MI, for Plant Protection Association National.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

### I. FACTS

This matter is before the Court on Defendant Ford's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff Renee Goldsby filed a three-count Complaint on April 27, 2001, against Ford and Plant Protection Association National alleging, *inter alia*, that Ford breached a collective bargaining agreement between itself and .PPA, Plaintiff's collective bargaining unit.[1] Plaintiff also requests class certification for "formerly part-time hourly employees who have been denied the right to transfer seniority from part-time to full-time." Complaint at ¶ 23. Plaintiff brings her claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA § 301").

---

1. Plaintiff also brings a claim against PPA alleging Breach of Duty of Fair Representation. Although this claim is not currently before this Court (there is no indication that PPA has joined on Ford's Motion for Judgment on the Pleadings), it should be noted that this claim would be time barred by the six month statute of limitation for bringing such claim. As PPA asserted during Plaintiff's 1999 suit, Plaintiff's cause of action on such a claim would accrue from March 19, 1998, the date the grievance was denied. Accordingly, the February 16, 1999 Complaint filed in this case would be untimely.

The consideration of this motion represents this Court's third encounter with Plaintiff's allegations of discriminatory actions stemming from events alleged to have occurred in 1994. Plaintiff claims, as she did in both of her prior suits, that she began working with Ford Motor Company ("Ford") as a "part-time" employee in a Food Service Operation position on January 5, 1981. On May 3, 1994, Ford offered Plaintiff a full-time salaried position as a General Utility Security Guard. When Plaintiff took the position, Ford terminated her employment and rehired her with a new seniority date of 1994. Plaintiff claims that after she took the position and lost her seniority, she learned about the transfer of three white females. A white female named Terri Maraci transferred from Food Service Operation to General Utility Security Guard in 1988. Although Ms. Maraci lost her seniority in the transfer, PPA helped Ms. Maraci regain her seniority in a grievance proceeding in 1989. Another white female named Mary Carrier also regained her seniority in 1986 through a grievance procedure after losing her seniority when she was transferred from part-time to full time. In 1989, the third white female named Cheryl Kubancik transferred from Food Services Operations to a full time apprenticeship without losing seniority.

Plaintiff claims that in September 1994, she requested that PPA assist her in grieving her loss of seniority in the same manner as Ms. Maraci and Ms. Carrier. Plaintiff maintains that PPA sat on the case for four years. In a letter dated August 16, 1998, the PPA notified Plaintiff that it accepted Ford's decision to deny Plaintiff's request to regain her seniority.

Plaintiff filed her complaint with the EEOC on August 13, 1998, and received a right to sue letter dated November 16, 1998. Goldsby filed a Complaint on February 16, 1999 (Case No. 99–70678) and a Complaint on October 29, 1999 (Case No. 99–40054). The first Complaint was assigned to this Court, and the latter was assigned to Judge Gadola. In her 1999 actions, Goldsby claimed Ford and PPA treated her differently from the two similarly situated white women whose grievances were sustained. As to Ford, Goldsby brought counts of race discrimination pursuant to Title VII, 42 U.S.C. § 2000(e)(2), and Michigan's Elliott–Larsen Civil Rights Act, Mich. Comp. Laws Ann. § 37.2101 et seq. Goldsby also brought a cause of action pursuant to 42 USC § 1981 for denial of equal right to enter into contracts.

Plaintiff and Ford settled the 1999 lawsuits on May 4, 2000. According to the terms of the Settlement Agreement, Plaintiff waived "any and all actions ... whether known or unknown ... of any nature whatsoever ... that has occurred at any time up to and including the Effective Date of this Agreement." Ford moves for judgment on the pleadings based on this provision. Plaintiff has not filed a response to Defendant's motion. For the following reasons, Defendant Motion for Judgment on the Pleadings, construed as a Motion for Summary Judgment, is GRANTED.

## II. STANDARD OF REVIEW

Ford seeks judgment on the pleadings pursuant to Rule 12(c). Rule 12(c) provides, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Like a Rule 12(b)(6), a Rule 12(c) motion tests the legal sufficiency of plaintiff's complaint. *Scheid v. Fanny Farmer Candy Shops Inc.*, 859 F.2d 434, 436 n. 1 (6th Cir.1988); *Ellis v. Target Stores, Inc.*, 842 F.Supp. 965 (E.D.Mich.1993); *Davey v. Tomlinson,*

627 F.Supp. 1458, 1463 (E.D.Mich.1986). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the plaintiff's complaint. *Davey,* 627 F.Supp. at 1463. The court's inquiry is limited to whether the challenged pleadings set forth sufficient allegations to make out the elements of a right to relief. *Scheid,* 859 F.2d at 436; *Janan v. Trammell,* 785 F.2d 557, 558 (6th Cir.1986); *Computer Leasco, Inc. v. Volvo White Truck Corp.,* 820 F.Supp. 326, 332 (E.D.Mich.1993). "The complaint should not be dismissed unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Computer Leasco,* 820 F.Supp. at 332 (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The court must treat the facts alleged in the complaint as if they are true and view them in the light most favorable to the plaintiff. *Grindstaff v. Green,* 133 F.3d 416, 420 (6th Cir.1998); *Janan,* 785 F.2d at 558; *General Motors Corp. v. Ignacio,* 948 F.Supp. 670, 679 (E.D.Mich.1996).

Because Ford has attached exhibits to its motion for judgment on the pleadings, the Court also considers the motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Where matters external to the pleadings are considered by the court, the proper standard of review is one for summary judgment under Rule 56. FED. R. CIV. P. 12(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Failure of a movant to support the motion by affidavits is not fatal if whatever is before the court demonstrates that the standard for the entry of summary judgment as set forth in Rule 56(c) is satisfied. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *Chambers v. United States,* 357 F.2d 224 (8th Cir.1966).

In determining whether there are issues of fact requiring a trial "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). A "material" fact exists if there is a "dispute over facts that might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court must look to the substantive law to identify which facts are material. *Id.* at 248, 106 S.Ct. 2505. An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505.

The moving party has the initial burden of showing there is no genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The moving party need not support the motion by affidavits. *Id.* Summary judgment must be entered if the nonmoving party fails to provide sufficient evidence on an essential element to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. 2548. The nonmoving party must present more than a mere scintilla of evidence and "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 252, 106 S.Ct. 2505 (internal citation omitted). If the

nonmoving party fails to present evidence that opposes the moving party, the evidence submitted by the moving party will be taken as true. *Id.* at 248–49, 106 S.Ct. 2505.

Generally, summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. *March v. Levine*, 249 F.3d 462, 473 (6th Cir.2001). "If the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Id.* As *March* further indicates, however, "this is only a general rule." *Id.; see, e.g., Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204–205 (6th Cir.1998) (granting summary judgment prior to discovery); *see also Vashi v. Charter Tp. of West Bloomfield*, 159 F.Supp.2d 608, 612–13 (E.D.Mich.2001) (same). Summary judgment is appropriate prior to discovery, for example, if there is no showing that discovery will disclose disputed material facts. *See Chilingirian v. Boris*, 882 F.2d 200, 203 (6th Cir.1989).

## III. ANALYSIS

Ford argues that Plaintiff's breach of contract claim is barred by the Settlement Agreement and the statute of limitations. Ford further argues that, because Plaintiff's claims are barred, her request for class certification must be denied. For the following reasons, Plaintiff's breach of contract claim is DISMISSED WITH PREJUDICE.

### A. Settlement Agreement

▮ Plaintiff brings suit against Ford under LMRA § 301 alleging breach of contract. Section 301 states in pertinent part:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Although § 301 mentions only suits between an "employer and a labor union," individual employees may bring suit for breach of a collective bargaining agreement thereunder. *Anderson v. AT&T Corp.*, 147 F.3d 467, 474 (6th Cir.1998); *see also United Food and Commercial Workers Local 951, AFL–CIO and CLC v. Mulder*, 31 F.3d 365, 370 (6th Cir.1994) ("Although §§ 301 contemplates suits between unions and employers for breaches of collective bargaining agreements, it also permits individual employees to sue as third-party beneficiaries of collective bargaining agreements."). Ford contends, however, that Plaintiff's suit is barred by the terms of the Settlement Agreement entered into on May 4, 2000 by the parties.

The relevant provision of the Settlement Agreement states that Plaintiff releases Ford of "*any and all claims* . . . of any nature whatsoever . . . whether known or unknown . . . that [she] now [has, has ever had,] or may have in the future against [Ford] by reason of any conduct . . . or thing whatsoever that has occurred at any time up to and including the Effective Date of this Agreement." *See* Settlement Agreement at 3, ¶ 4(a) (emphasis added). Defendant cites *Hogan v. Petitpren, Inc. et al.*, 92 F.Supp.2d 612 (E.D.Mich.2000), for the proposition that these words are sufficient to preclude Plaintiff's current suit. As Defendant notes, "[i]n *Hogan v. Petitpren, Inc. et al.*, 92 F.Supp.2d 612 (E.D.Mich.2000), Judge Feikins issued an opinion and order wherein he concluded that a prior release barring 'any and all

claims' precluded a plaintiff's suit." Def.s' Br. at 7.

*Hogan* involved a plaintiff who, after being terminated, filed suit alleging age discrimination against his employer. The parties then settled the lawsuit and the plaintiff received a cash settlement in consideration for a release of all claims. The release stated in relevant part: "Homer Hogan ... fully and forever releases ... Petipren, Inc., from any and all claims ... which Homer Hogan may have had, may now have, or may hereafter have ... arising out of or in connection with Homer Hogan's employment or termination of employment." *Hogan*, 92 F.Supp.2d at 613. In precluding a suit brought subsequent to executing this agreement, the court concluded that the release was broad enough to encompass the plaintiff's second claim. *Id.* at 615.[2]

This Court finds *Hogan* persuasive. Plaintiff's current claims, which arose on May 3, 1994 when Plaintiff assumed a position in Ford's Security Force, were filed on April 27, 2001, after the Settlement Agreement had been executed. The breach of contract claim, therefore, falls squarely within the "any and all claims" contemplated by the Settlement Agreement. Consequently, the Settlement Agreement bars Plaintiff's claim.

## B.   Statute of Limitations

■ Ford correctly contends that Plaintiff's claim is barred by the three-year statute of limitations applicable to breach of contract actions under LMRA § 301. In *Gallagher v. Chrysler Corp.*, 613 F.2d 167, 169 (6th Cir.1980), the Sixth Circuit held that Michigan's three-year statute of limitations for injuries to persons or property, rather than the six-year statute of limitations for breach of contract, applies

to an employee's action against the employer under LMRA § 301. It is undeniable that Plaintiff's action accrued when she assumed her new position on May 3, 1994. *See Goldsby v. Ford Motor Company et al.*, Case No. 99–70678 (March 29, 2001) (Hood, J.). Plaintiff had three years from this date to file suit for breach of contract. The instant action was filed on April 27, 2001, nearly seven years after the breach occurred. Consequently, her Complaint is barred by the statute of limitations and must be dismissed on that ground.

## C.   Class Certification

■ Plaintiff requests certification of a class of formerly part-time hourly employees who have been denied the right to transfer seniority from part-time to full-time. Plaintiff claims that "there are hundreds, if not thousands of former hourly employees who have transferred from part time to full time and have not been provided some measure of pre-transfer seniority." *See* Complaint at ¶ 23. Plaintiff further alleges that "in some cases hourly employees were provided pre-transfer seniority and defendant Ford has been inconsistent in its application of the pre-transfer seniority program." *Id.* Defendant argues that "Plaintiff, who does not herself have a personal claims (sic) against Ford in her Complaint because they are precluded by a Settlement Agreement and Release and because they are time-barred, does not have standing to bring an action on behalf of anyone else." Def.'s Br. at 10.

■ Under Federal Rule of Civil Procedure 23(a)(4), an individual plaintiff may sue on behalf of a class only if the representative party "will fairly and adequately protect the interests of the class." Where a court determines that a named plaintiff's

---

**2.** Moreover, as in *Hogan,* Plaintiff in this case was assisted by counsel during the entire process surrounding the execution of the Settlement Agreement.

claims are without merit, that particular plaintiff will not fairly and adequately protect the interests of the class she seeks to represent, *Everitt v. City of Marshall,* 703 F.2d 207, 210 (5th Cir.), *cert. denied,* 464 U.S. 894, 104 S.Ct. 241, 78 L.Ed.2d 231 (1983), and there will thus be no harm in dismissing the named plaintiff's case without explicitly deciding the class certification issue. Indeed, the Supreme Court has stated that "named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.' " *Lewis v. Casey,* 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (citing *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)). Consequently, "[a] potential class representative must demonstrate individual standing vis-as-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action." *Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410, 423 (6th Cir.1998).

In *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), the Supreme Court held there was no reversible error where the district court had found for the defendants on the named plaintiffs' claims and had dismissed the class claims without having addressed the certification issue prior to trial. The Supreme Court thought that the Court of Appeals for the Fifth Circuit had "plainly erred" by subsequently certifying a plaintiff class: "it was evident by the time the case reached that court that the named plaintiffs were not proper class representatives under FED. R. CIV. PROC. 23(a)." *Id.* at 403, 97 S.Ct. 1891 (footnote omitted).

Similarly, in *Shipp v. Memphis Area Office, Tennessee Dep't of Employment*

*Sec.,* 581 F.2d 1167 (6th Cir.1978), *cert. denied,* 440 U.S. 980, 99 S.Ct. 1788, 60 L.Ed.2d 240 (1979), a Title VII suit, the Sixth Circuit concluded that a black man properly held by the district court not to have been the victim of discrimination was *ipso facto* not a proper class representative under Rule 23(a). In *Shipp,* the Plaintiff never moved for class certification, and the district court did not certify the class *sua sponte.* However, the trial court had undertaken to decide the merits of the class claims without certification. The Sixth Circuit affirmed the dismissal of the plaintiff's individual claim, vacated the judgment in the class action, and remanded the case with instructions that the complaint be dismissed for failure to comply with Rule 23.

This Court concludes that Plaintiff does not have standing to represent the class she purports to represent because her claims are foreclosed by the Settlement Agreement and the statute of limitations. As Plaintiff's own claims lack merit, the Court DISMISSES Plaintiff's case in its entirety and declines to consider the class certification issue.

### D. Sanctions

Defendant Ford requests this Court to impose sanctions on Plaintiff pursuant to FED. R. CIV. P. 11, which states that "the claims, defenses, and other legal contentions [within every pleading] are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or establishment of new law." Defendant argues that "[w]here, as is the instant case, a claim is precluded by a prior settlement agreement as well as by operation of the applicable statute of limitations, Plaintiff's claims are not warranted by existing law." Def.s' Br. at 11.

■ As Defendant correctly notes, the Court may, in its discretion, impose sanctions for the filing of such a suit under Rule 11(c) provided certain prerequisites are met. Pursuant to the requirements of Rule 11(c), Defendant has given notice to Plaintiff's counsel of its intention to seek sanctions via a letter it has attached to its Motion for Judgment on the Pleadings. However, sanctions are inappropriate at this time because Defendant's Motion for Sanctions was not "made separately from other motions or requests" as required by Rule 11(c)(1)(A).[3] Instead, it was included in its Motion for Judgment on the Pleadings. Consequently, Defendant's motion will be denied without prejudice.

## IV. CONCLUSION

The Settlement Agreement and the applicable statute of limitations preclude Plaintiff's breach of contract claim against Ford. Plaintiff, therefore, lacks standing to represent a purported class of "former part time hourly employees who have been denied the right to transfer seniority from part time to full time." The Court has considered the matters outside the pleadings submitted by Defendant and treats Defendant's motion for judgment on the pleadings as one for summary judgment. Because discovery will not disclose disputed material facts, this Court concludes that summary judgment is appropriate. *See Chilingirian*, 882 F.2d at 203.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ford's Motion for Judgment on the Pleadings (**Docket # 21–1, filed October 26, 2001**), construed as a Motion for Summary Judgment, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (**Docket # 1, filed April 27, 2001**) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Ford's Motion to Stay Discovery (**Docket # 20, filed October 26, 2001**) is deemed **MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Modify the Court's October 29, 2001 (**Docket # 25, filed November 30, 2001**) is deemed **WITHDRAWN**.[4]

**IT IS FURTHER ORDERED** that Defendant Ford's Motion for Sanctions (**Docket # 21–2, filed October 26, 2001**) is **DENIED WITHOUT PREJUDICE**.

---

**3.** The Court declines to impose sanctions on its own initiative under Rule 11(c)(1)(B).

**4.** Pursuant to a letter dated December 3, 2001, and received in this Court on December 4, 2001, Ford intends to withdraw its Motion for Modification of the Court's October 29, 2001 Order.